UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
THE RAZI SCHOOL and SIMIN
NOURITAJER,

       *Plaintiffs*,

   -against-

L. FRANCIS CISSNA, Director, United
States Citizenship & Immigration
Services and UNITED STATES
CITIZENSHIP & IMMIGRATION SERVICES,

     *Defendants*.
----------------------------------X

**MEMORANDUM & ORDER**

18-CV-6512 (KAM)

**MATSUMOTO, United States District Judge:**

       In a Second Amended Complaint ("SAC"), plaintiffs the Razi School (the "Razi School") and Simin Nouritajer ("Nouritajer") (together, "plaintiffs") seek judicial review, pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, of the United States Citizenship and Immigration Service's ("USCIS") revocation of Plaintiffs' Form I-140, Immigrant Petition for Alien Workers ("I-140"), and denial of Plaintiffs' motion to reopen the revocation. (Plaintiffs' Second Amended Complaint ("SAC"), ECF No. 17, ¶ 1.) Defendants L. Francis Cissna, Director, USCIS, and USCIS (the "defendants" or "government") move to dismiss the SAC for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). (Mem. of Law in Support of Def.'s Mot. to Dis. Pl.'s Sec. Am. Compl. ("Def. Mem."), ECF No. 28.) For the following reasons,

plaintiffs' complaint is dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## BACKGROUND

The following allegations from the complaint are taken as true for the purposes of a motion to dismiss.[1] *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citations omitted) (discussing treatment of material factual allegations in complaint for purposes of Rule 12(b)(1) analysis), *aff'd on other grounds*, 561 U.S. 247 (2010).

Plaintiff the Razi School was established in the Eastern District of New York in 1995 and provides education in an Islamic environment for from pre-Kindergarten through the 12th grade.  (SAC ¶ 2.)  Plaintiff Simin Nouritajer, a resident of the Eastern District of New York, is a native and citizen of Iran, and has taught at the Razi School since January 2002.  *Id.* Ms. Nouritajer's husband, Mehdi Faridzadeh, a nonparty to this action, formerly served in the Iranian Mission to the United Nations and was a visiting scholar at Columbia University.  *Id*.

---

[1]    Citation refers to ECF pagination, unless otherwise noted.

On December 28, 2004, the Razi School filed an application for a labor certification with the Department of Labor seeking certification for Ms. Nouritajer as a teacher. (*Id.* ¶ 7; Dep't of Labor ("DOL") Approved Labor Cert., Exh. A ("Exh. A"), ECF No. 17.)  The application specified Ms. Nouritajer's qualifications for the teaching position including a bachelor's degree in English and over 19 years of experience teaching middle school English.  (*Id.*; SAC ¶ 2.)  On January 18, 2007, the Department of Labor approved Ms. Nouritajer's labor certification.  (*Id.* at 10; Exh. A, ECF No. 17.)

On May 7, 2007, the Razi School filed a Form I-140, Immigrant Petition for Alien Workers, on behalf of Ms. Nouritajer, seeking to classify her as an Employment-Based Third Preference category ("EB-3") professional.  (*Id.* ¶¶ 5, 8; *see* 8 U.S.C. § 1153(b)(3)(A)(ii).)  USCIS submitted a request to the Razi School for additional information that the school lost, and Ms. Nouritajer never received.  (SAC ¶ 8.)  USCIS subsequently denied the petition for abandonment and reopened the case in March 2013.  *Id.*  In April 2013, USCIS sent the same request for additional information and received a timely reply.  *Id.*  On November 19, 2013[2], USCIS approved Ms. Nouritajer's I-140.

---

[2]      In its brief, the government clarifies that the plaintiff incorrectly identified the approval date as November 13, 2013, when it is actually November 19, 2013. (Def. Mem. at 2.)  However, there is no exhibit accompanying the Exhibit B cover sheet in plaintiffs' submission.  (*See* SAC at 16.) As a result, the court cites to Exhibit F, USCIS Motion on

(USCIS Mot. on Admin. Appeals Reconsideration Decision, Exh. F ("Exh. F"), ECF No. 17 at 3.)

On July 11, 2017, USCIS issued a Notice of Intent to Revoke ("NOIR") the I-140, finding that the initial grant of Ms. Nouritajer's I-140 had been in error.  (SAC ¶ 9; USCIS Mot. on Admin. Appeals Decision, Exh. D ("Exh. D"), ECF No. 17 at 30.) The Razi School opposed the revocation.  (Plaintiffs' Brief in Support of I-290B Notice of Appeal, Exh. C ("Exh. C"), ECF No. 17.)  On August 18, 2017, USCIS revoked the I-140 concluding that the previous grant had been in error, as the Razi School did not establish its ability to pay the proffered wage and Ms. Nouritajer did not establish sufficient qualifications for the offered position. (*See* ECF No. 17, Exh. D.)

The Razi School appealed the revocation to the USCIS Administrative Appeals Office ("USCIS AAO"), citing new evidence and, on August 1, 2018, USCIS rejected plaintiffs' appeal, finding that the Razi School had failed to establish that: (1) Ms. Nouritajer had the necessary experience and qualifications listed in the approved labor certification, and (2) the Razi School had the ability to pay Ms. Nouritajer the proffered wage. (*See* ECF No. 17, Exhs. C, D.)  First, the USCIS AAO found that Ms. Nouritajer's experience while still in Iran, over 2.7 years,

_____

Administrative Appeals Decision, ECF No. 17, confirming that November 19, 2013 is the correct approval date.

4

as a mathematics teacher in two Iranian middle schools, did not
qualify her for the elementary school teacher job description
put forward by the Razi School for children from kindergarten to
fourth grade, instructing students in English, language arts,
and Islamic literature.  (ECF No. 17, Exh. D at 31.)  The
application for Ms. Nouritajer's labor certification stated that
her experience at the Iranian middle school was 2.7 years of
teaching English.  (ECF No. 17, Exh. A at 12-13.)  Next, the
USCIS AAO found that the Razi School had filed immigrant
petitions, in addition to Ms. Nouritajer's, that were pending,
approved, or submitted after Ms. Nouritajer's priority date.
(*Id.* at 32.)  The Razi School failed to withdraw two other
petitions that had been approved before Ms. Nouritajer's
petition priority date of December 28, 2004, because the two
employees with approved petitions no longer worked at the Razi
School, and the school was no longer responsible to demonstrate
an ability to pay the other approved employees.  (ECF No. 17,
Exh. F at 48.)  Because the Razi School did not withdraw these
two other petitions, though the Razi School had the requisite
funds to pay Ms. Nouritajer's wages, the USCIS AAO found that
the Razi School, as a non-profit organization employing Ms.
Nouritajer in a non-revenue generating position, did not have
sufficient funds to pay the wages for all of the petitions filed
for the beneficiaries supported by the Razi School until the

5

beneficiaries obtain lawful permanent residence.   (ECF No. 17, Exh. D at 34.)   The Razi School filed a motion to reopen the AAO decision.   (Plaintiffs' Motion to Reopen, Exh. E ("Exh. E"), ECF No. 17.)   The USCIS AAO denied the Razi School's motion on May 29, 2019.   (*See* ECF No. 17, Exh. F.)   The instant action followed.

In addition, Plaintiffs also allege that from 2010 to 2015, Ms. Nouritajer, her husband and child were subjected to repeated surveillance and questioning from agents from the Federal Bureau of Investigations ("FBI").   (SAC ¶ 11.)   The FBI and its agents are not named as a party or parties to this action.   *Id.*   Plaintiffs allege that the FBI agents told them that their applications for permanent residence would be delayed or denied if they did not offer information about Iran's relationship with the United States.   *Id.*   Plaintiffs further allege that Ms. Nouritajer's husband and child were temporarily stopped from boarding a flight to Iran on February 27, 2010, and upon their return on March 10, 2010, Ms. Nouritajer's husband was questioned for over five hours, and Ms. Nouritajer and her child were also separately held and questioned.   *Id.*   Plaintiffs also allege that Mr. Nouritajer's husband, a nonparty to this action, was denied reentry into the United States in 2013 by United States Customs and Border Patrol ("CBP") agents.   *Id.*

6

Plaintiffs seek an order (1) reversing the revocation of the I-140 and the denial of their motion to reopen, and (2) finding that the revocation of the I-140 and the denial of their motion to reopen was pretextual based on Plaintiffs' religion and national origin. (*Id.* at 8 (Prayer for Relief ¶¶ (a), (b)), ECF No. 17.)

## LEGAL STANDARD

### I.  Motion to Dismiss for Lack of Subject Matter Jurisdiction

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)).  The court "may refer to evidence outside the pleadings" when resolving a Rule 12(b)(1) motion. *Id.*

A Rule 12(b)(1) challenge to subject matter jurisdiction may be facial, that is, based solely on the pleadings, in which case the court must determine whether the pleadings "allege facts that affirmatively and plausibly suggest that [the plaintiff] has standing to sue." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011); *accord Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016).  A Rule 12(b)(1) motion may also be fact-based and rely on evidence beyond the pleadings, in which case a plaintiff must

7

present controverting evidence unless the evidence is
"immaterial because it does not contradict plausible allegations
that are themselves sufficient to show standing." *Carter*, 822
F.3d at 57.  A plaintiff bears the burden of proving by a
preponderance of the evidence that subject matter jurisdiction
exists. *Makarova*, 201 F.3d at 110.

In applying Rule 12(b)(1), "'the court must take all
facts alleged in the complaint as true and draw all reasonable
inferences in favor of plaintiff,' but 'jurisdiction must be
shown affirmatively, and that showing is not made by drawing
from the pleadings inferences favorable to the party asserting
it.'" *Morrison*, 547 F.3d at 170 (quoting *Natural Res. Def.
Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) and *APWU v.
Potter*, 343 F.3d 619, 623 (2d Cir. 2003)).  Additionally, the
court "may consider affidavits and other materials beyond the
pleadings to resolve the jurisdictional issue, but . . . may not
rely on conclusory or hearsay statements contained in the
affidavits." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d
107, 110 (2d Cir. 2004) (citing *Zappia Middle E. Const. Co. Ltd.
v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000) and
*Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d
Cir.1986)).

## DISCUSSION

Plaintiffs submit a five-count complaint.  Counts one and two allege violations of the Administrative Procedure Act's notice and comment requirements, 5 U.S.C. § 553, and that USCIS's revocation decision was arbitrary and capricious based on the Razi School's demonstrated ability to pay for Ms. Nouritajer's position.  (*See* SAC ¶¶ 13, 15.)  Count three alleges that USCIS' decision was arbitrary and capricious based on the Department of Labor's ("DOL") labor certification for Ms. Nouritajer's teaching position.  (*See id.* ¶¶ 17-18.)  Count four alleges that the FBI's referral of Ms. Nouritajer and her family to the Controlled Application Review and Resolution Program ("CARRP"), that subjects Muslim and Iranian applicants to harsh scrutiny based on their race and national origin, violates the due process clause of the Fifth Amendment.  (*See id.* ¶ 20.)  Count five alleges that USCIS' revocation of Ms. Nouritajer's I-140 over three years after the I-140's initial approval unduly prejudiced Ms. Nouritajer's, and her family's, common law reliance interests.  (*See id.* ¶ 22.)

As the government correctly argues, the gravamen of plaintiffs' complaint is a request to review USCIS's decision to revoke plaintiffs' I-140 immigrant petition for alien workers. (Def. Mem. at 3.)  As a threshold matter, the court lacks jurisdiction to review the USCIS' substantive discretionary

9

decision to revoke Ms. Nouritajer's I-140 immigrant petition for alien workers, and thus does not reach the remaining grounds for relief in plaintiffs' second amended complaint.

To the extent that plaintiffs are attempting to challenge the substantive basis for USCIS' decision, this court does not have subject matter jurisdiction to entertain such a claim. Two related sections of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*, preclude judicial review. First, 8 U.S.C. § 1252(a)(2)(B)(ii) provides that "no court shall have jurisdiction to review ... any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." Furthermore, 8 U.S.C. § 1155 provides that "[t]he Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title." 8 U.S.C. § 1155. I-140 petitions are among the petitions that fall within the Secretary's § 1155 revocation discretion and authority, and the Secretary has delegated his revocation authority to any USCIS officer authorized to approve immigrant visa petitions. *See* 6 U.S.C. § 271(b)(1); 8 C.F.R. § 205.2(a).

10

The court's holding is in line with the weight of appellate opinion across the country and in this Circuit. The Second Circuit has held and reaffirmed "that 8 U.S.C. § 1252 'strips jurisdiction over a substantive discretionary decision'" by the Secretary. *Chen v. Coven,* 672 F. App'x 136, 137 (2d Cir. 2017) (citing *Mantena v. Johnson,* 809 F.3d 721, 728 (2d Cir. 2015); *see Firstland Int'l Inc. v. INS,* 377 F.3d 127, 131 (2d Cir. 2004) (observing in dicta that "the substance of the decision that there should be a revocation is committed to the discretion of the [Secretary]"). In addition, "nine federal courts of appeals have held (and a tenth has said in dicta) that courts lack jurisdiction to consider…claims [regarding whether these INA provisions deprive courts of jurisdiction to consider challenges to petition-revocation decisions]." *iTech US, Inc. v. Cuccinelli,* 474 F. Supp. 3d 291, 293 (D.D.C. 2020) (collecting cases from the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Tenth and Eleventh Circuits); *compare ANA Int'l Inc. v. Way,* 393 F.3d 886, 893-95 (9th Cir. 2004) (holding in a divided panel opinion that § 1155's reference to "good and sufficient cause" provides a justiciable standard for reviewing petition-revocation decisions), *but see Poursina v. USCIS,* 936 F.3d 868, 875 (9th Cir. 2019) (noting that the Circuit's position is "an outlier among the federal circuit

courts" and declining to extend *ANA Int'l Inc.* beyond "its narrow holding").

Plaintiffs' attempt to argue against the overwhelming weight of authority fails.  First, Ms. Nouritajer filed her I-140 immigrant visa petition under the EB-3 visa category and thus is subject to revocation under § 1155.  *See* 8 U.S.C. §§ 1153(b)(3)(A)(ii), 1154(a)(1)(F) ("Any employer desiring and intending to employ within the United States an alien entitled to classification under section . . . 1153(b)(3) of this title may file a petition with the Attorney General for such classification").  Revocation of a previously approved visa petition by the USCIS "for . . . good and sufficient cause", and its subsequent review through the administrative appeals process, is a discretionary act.  *See* 8 U.S.C. §§ 1155, 1153(b)(3)(A)(ii), 1154(a)(1)(F).  As the government persuasively argues, the statute confers discretion on the agency to revoke an approved petition.  *Firstland*, 377 F.3d at 131; *Mantena*, 809 F.3d at 728.  The appeals process does not alter the underlying revocation decision made by the USCIS, which is discretionary, *see* 8 U.S.C § 1155, despite the statutory appeals process afforded to plaintiffs.  8 C.F.R. §§ 205.2(d), 103.3(a)(1)(ii).  Plaintiffs attempt to argue, without citation to a contravening statute or authority from this circuit, that *Mantena* and *Firstland* should not be read to impose

a jurisdictional bar on discretionary revocation decisions and their substance.  Pl. Opp. at 12-13.  As discussed *supra*, however, plaintiffs' summary reading of *Mantena* and *Firstland* is self-serving, confusing and without merit.  *Id*.  To the extent that plaintiffs attempt to frame their substantive claims as procedural claims to avoid § 1252's jurisdictional bar, "a plaintiff cannot sidestep § 1252(a)(2)(B)(ii) by artfully framing a challenge to the agency's substantive decision as a procedural claim."  *Doe v. McAleenan,* 926 F.3d 910, 915 (7th Cir. 2019).  As the statues and caselaw from this and ten other Circuits make clear, *see supra*, the revocation of an I-140 petition is a discretionary decision, not reviewable by this court.

To the extent that plaintiffs claim legal errors or a constitutional violation, their claim is not cognizable in this court.  (*See* SAC ¶¶ 1, 12-23.)  The REAL ID Act of 2005, codified at 8 U.S.C. § 1252(a)(2)(D) creates an exception to § 1252's jurisdiction stripping provision: "[n]othing in [§ 1252(a)(2)(B)] ... shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals ...."  This statutory exception is limited by its express terms to courts of appeals.  *See also Shabaj v. Holder*, 718 F.3d 48, 51 (2d Cir. 2013) ("Thus, while *this court* would have jurisdiction

13

to review any constitutional claims or questions of law properly raised in a petition for review, the *district court* did not have jurisdiction to review [plaintiff's] challenge [under § 1252(a)(2)(D)]." (emphasis in original)). Plaintiffs' claim that the USCIS AAO's revocation decision was arbitrary and capricious in violation of the Administrative Procedure Act ("APA") fails for the same reason. *Delgado v. Quarantillo,* 643 F.3d 52, 55-56 (2d Cir. 2011) (APA review is not available when claim falls within the scope of 8 U.S.C. § 1252(a)(2)(B)(i)'s jurisdictional limits).

For the foregoing reasons, the court lacks subject matter jurisdiction over plaintiffs' claims and the action is dismissed without prejudice. *Mantena*, 809 F.3d 728.

## <u>CONCLUSION</u>

For the foregoing reasons, the complaint is dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). "When a case is dismissed for lack of federal subject matter jurisdiction, 'Article III deprives the court of the power to dismiss the case with prejudice.'" *Katz v. Donna Karan Co., L.L.C.,* 872 F.3d 114, 121 (2d Cir. 2017) (quoting *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999)). Therefore, dismissal of this action is without prejudice. The Clerk of Court is respectfully directed to enter judgment

dismissing plaintiff's claims without prejudice and close this case.

**SO ORDERED.**

Dated: Brooklyn, New York
        February 16, 2021

                              _____/s/_____
                              **KIYO A. MATSUMOTO**
                              United States District Judge
                              Eastern District of New York